Good morning, Your Honors. May it please the Court, my name is Terry Tolliver and I'm here today representing Mr. White. I have requested to reserve three minutes for rebuttal. This Court previously stated in United States v. Sinclair that we may only overturn Preston for a compelling reason and that's why Mr. White is here today is that he believes that there is a compelling reason to overturn Preston including Stinson, Adams, and Smith and the reason for that is the United States Supreme Court's recent decision in West Virginia v. EPA where the Court held that agencies must point to clear congressional authorization when exercising authority and that certain highly consequential administrative assertions of authority provided reason to hesitate before concluding that Congress intended to confer the authority an agency is asserting that it whether the use of a an offense described under the controls there anything that distinguishes the career offender guideline from every every other guidelines because Congress didn't say that one kilogram of heroin would get so many offense levels nor did it say what the relation is between bank guidelines are invalid root and branch the Congress told the Sentencing Commission to create guidelines and it left the Sentencing Commission free to decide what would be in them your attack on this guideline seems to me equally applicable to every single guideline so the whole guideline goes poof is that in my understanding your argument correctly I think the difference here is that when we look at the guidelines especially when we compare the crime of violence versus control substance offense is that I'm asking you to tell me how your argument applies to other guidelines ones other than the one that you have challenged is there a ground on which you think they are valid even though this on your view is invalid well here we're looking at I'm not asking about here I'm asking about the relation of your argument to other guidelines they're not here absent a specific guideline I think we would have to look at each one all right and make that determination but as you must know a lawyer's failure to engage with a hypothetical question is not a good sign I understand your guideline itself I think our our position would be that when the guideline states X there's no reason to go beyond that and seek the common and look to the commentary and the reason why it's different here is as we mentioned that when you look at a crime of violence it specifically includes those attempts or threatened use under the Control Substance Act there is no such language and that's being read into that rule and our position would be that there is no congressional authority that gives the Sentencing Commission the right to add that in there what courts do day in day out is interpret rules and statutes there is no reason why we need to give deference to an agency here this does not go to the agency's special expertise this is simply looking at the rule and determining whether a specific crime falls under your kind of blending your your attacks on the commentary here that that makes inchoate crimes drug crimes under as a matter of the Sentencing Commission's interpretation of the guidelines you've got a major questions doctrine argument and you've got an argument based on the Supreme Court's decision in Kaiser refining our deference and if you could just kind of keep those two separate so your first attack is that all the commentary is subject to the major questions doctrine and this commentary flunks the major questions doctrine I think if I'm if I'm understanding your argument correctly and then you're separately arguing that under the Kaiser decisions refinement of our deference this commentary flunks I mean is that a fair characterization of your two arguments that would be fair your honor I think on this court has addressed Kaiser many times and I think when you look at Kaiser when you look at West Virginia versus EPA and and then compare that to Kaiser I think it enhances it demonstrates what the court was referring to when it mentioned Kaiser I think the biggest difference that you see here is that there is a compelling reason to overturn the rule and it's because people like mr. white and their families suffer as a result of this when you apply an enhancement that isn't specifically mentioned and they have to endure a much longer sentence than they otherwise would have that is something that this court should consider I'm not sure which part of just judge Sykes question you're addressing were you addressing there the Kaiser argument the question I have on that branch of your argument is did Kaiser overrule Stinson because the justices keep saying that they alone have the province to overrule their decisions and we're supposed to follow them even if we think they're hard to reconcile with more recent decisions so has Stinson been overruled we think so your honor how and where well I think they when you look at the landscape with this no to show that the Supreme Court has overruled the decision you point to a statement in the Supreme Court saying Stinson is overruled in Kaiser there's a footnote treating Stinson as a distinct problem that's not an overruling decision is there some other thing we've missed your honor I think we would just rely upon the language of Kaiser where it says that you start by exhausting the traditional rules of construction and when we apply that here we don't know what do you do about the doctrine that courts of appeals are supposed to follow their decisions until the justices themselves expressly overruled but having an inconsistent later decision isn't enough well I think the later decision informs Kaiser when West Virginia versus EPA states that we've got to look at whether Congress intended for this to happen and here Congress knows how to define the crime it knows how to look I am asking you a concrete question about a concrete doctrine of the Supreme Court dealing with the relation among decisions of the Supreme Court and your answer has nothing to do with that question I wish you'd address my question you know I think the best way to address the question I think there is a lot of confusion around the doctrine and as we noted that the circuits are split among this even within circus there is asking you to address decisions of the Supreme Court and what they have said you can't answer that question by pointing to decisions of other circuits maybe this is just hopeless your honor other than when we look at Kaiser for example it says you will you use traditional rules of statutory interpretation I think that's the best way to answer your question is that when we look at it that way and we apply it there is no reason to go to the guidelines because the rule itself tells us what should be considered and your honor's absent any further questions I'll reserve the remainder of time for rebuttal that's fine thank you thank you your honor may it please the court Terry briefly unless there are questions Stinson cannot simply be viewed as having been refined just to take up your honors language by Kaiser I think because not just the footnote but also because it contemplates unambiguous guidelines and ambiguity essential to Kaiser so overruling would be the necessary step and the only other thing without prompts that I would add to our brief is that I must say who knows whether that's true or not it's obvious that the extent of deference to administrative decisions is very much up in the air in the Supreme Court I have no agreed I claim no prevision into what's going to happen yes and all all I I'm just trying to figure out how their established doctrine applies to this case and their established doctrine I think can only all the all I meant to the point I meant to make is that their established doctrine is Stinson and Stinson applies and that's that is what this court should apply it has applied in the past and the other thing I would add is that that is has changed since the filing of our brief is that there is a sentencing commission that's in business and that amplifies a an ancillary point in our brief if there are specific questions about the sentencing commission hasn't done anything yet about this has it it has not if if let's suppose Kaiser implicitly ditches Stinson if what the sentencing commission is thinking of doing is revising the application note it's just whistling in the wind if what it's thinking of doing is revising the text of a guideline then it can do something but it hasn't published its proposals yet has it that it has not there are the earlier proposals from the only evidence that I can think of that is all relevant to that question and it is only from the side is repeated denials of certiorari of Stinson oriented Kaiser cases before the Supreme Court there's maybe one or two pending that I'm aware of we'll see what happens yeah I'm not sure we can take any of that to the bank yeah I just don't it's the Supreme Court's decision to make and court often lets these sorts of issues percolate for a while until there's an entrenched circuit split we've got a which we have and they may be hoping the sentencing commission will fix all and it's a layered split which makes it more complicated the issue I will say mr. Tolliver has effectively preserved this issue for further review in that case maybe maybe this is the one I don't know we don't know but it's the best shot so it's cut it as in Stinson didn't just have an imprecise analogy but Stinson was quite simply an hour case that's that's the idea and so Kaiser says complete supplant right my best argument is so then I have to set aside the different way that the guidelines work with congressional review I suppose and my best argument is that in 4b in a 4b 1.2 a the word is requires some notation annotation of attempt and inchoate crimes the word prohibits does not and also encompasses laws that prevent prohibit means prevent drug distribution and manufacture and I would say Contra Campbell which says that like loitering anti-loitering laws might hinder drug distribution 846 is the centerpiece of the US codes attempt to prevent drug distribution and drug manufacturing and so that's my best case it is it feels a little bit like climbing out of a well but it's my it's my best case if Kaiser is fully on point with Stinson but we won't we don't know that the inchoate crimes adopt the same penalty structure as the there's there's that but not just that so I think it would be important to specify that 846 might be distinguishable from attempt in that vein in the sense that again 846 is it's that we charge you have to charge 841 at the same time you charge 846 we charge it all all the time it is the main method for preventing widespread drug manufacturing and distribution in the United States code attempt is by necessity or aiding and abetting that is read into cases sometimes via jury instructions sometimes being attacking on section 2 it's not the most common count one in drug in by and large in drug cases so it's attempt in aiding and abetting and abetting are not distinct crimes they're methods of proving criminal liability for the I distinction yeah that's it is a nuanced argument that isn't you know fully flushed out by department guidance but I would say the best argument is verb verb use plus prevents as an analog to prohibits and the central role of a 46 it does oh man it does although I that wasn't that was yeah I was gonna say I'm but I genuinely Stinson it's not red flag Stinson has been preserved Stinson is the case you for now well you you pointed out that the Supreme Court is denied certiorari in a number of these cases yeah the most recent one is Moses which was denied on Monday and I've read the Solicitor General's brief in Moses and the Solicitor General's brief says well we here at the Justice Department all believe or at least the Solicitor General believes that Kaiser has displaced Stinson and we're no longer as an institutional matter relying on Stinson I have it doesn't make any difference to anything that's what the Solicitor General said it's not exactly what you're saying well what the Solicitor General's brief you know and I've actually had a lot of I mean privileged communications I won't get into that I've had a lot of conversations with people department about this including the person my main contact is the person who drafted that the Moses sir top Jenny Ellickson yes that's and that's the bottom attorney oh yeah oh yes yeah draft I said draft not approved finally but the the repeated verbiage in those position statements is that we have taken that the Department of Justice has has in the past taken the position that I believe that that will be the position that's my understanding but the Solicitor General reserves the right to take a formal final position before the Supreme Court when they when it's a merits brief oh that's and I think that verbiage is recent opposition and merits briefs are different things and of course white was not a case about the treatment of inchoate offenses it was a different rose in a different way no I'm not trying to pin anything on you as I said my my problem here has just been to figure out what it is the Supreme Court is telling us to do at a time when doctrine is unsettled in the Supreme Court and may get more or less settled the department I will say that the position of the department even as it shades in that direction is consistently for the court not to take any of these cases to put a full stamp of Kaiser on Stinson so whatever the nuances of that the Solicitor General ultimately adds to the position about how and why and the extent maybe the coextensive extent of Kaiser applying to Stinson the position is don't take these cases now and put Kaiser on all of this so that is consistent with and I've tried to take a fully consistent position I've cited Moses because it is a visit it is a case that exists but it's not it's neither the court of this circuit nor the Supreme Court's jurisprudence but and on the merits should we get there your argument is that the guideline in question the definition of controlled substances offense is genuinely ambiguous within the sense meant by Kaiser and that it falls within what the the commentary falls within the zone of ambiguity that has been identified and I don't think there's much argument about the Sentencing Commission's expertise in this area or authority in this area it's really those first two parts of the refined sure so we have we have the position that's been advanced by the general that prohibits means that you don't even need to get into the zone of ambiguity question but this court has said in Smith that it is in and in Adams and in route that it is ambiguous in a way that's in I think inescapable so that first position which we preserve I think has to give way to the notion that it is ambiguous in this circuit that is the circuits holding so the rest our proceeds mostly from be be in that part of the brief thank you your honor thank you mr. Tolliver thank you your honor again I think our our position would be that there is some confusion here and that based upon the Supreme Court's recent decision in West specific congressional authority the court should just look to the plain language of the rule inchoate crimes is not are not included in that and that's simply what we're asking is that which should be read into that and for those reasons absent any other questions by the panel mr. White would request this court vacate his designation as career offender and send this case back to the district court for me thank you thank you our thanks to both counsel the case is taken under advisement